383 So.2d 1363 (1980)
Lois PROSSER, Plaintiff/Defendant in Reconvention and Appellee,
v.
Virginia B. CRAWFORD, et ux., Defendants/Plaintiffs in Reconvention and Appellants.
No. 7460.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1980.
Rehearing Denied May 29, 1980.
Baker, Culpepper & Brunson, J. Michael McDonald, Jonesboro, for defendants-appellants.
Walter M. Hunter, Jr., Alexandria, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Lois Prosser brought this suit individually and in her capacity as tutrix of her minor son, John M. Prosser, to recover damages sustained as a result of John's injury in an accident on April 14, 1978 in Alexandria, Louisiana. John was seriously injured when a motorcycle which he was operating collided with an automobile owned by defendants, Virginia Crawford and Melvin Crawford, and being driven by Virginia Crawford. Defendants appeal a judgment of the district court rendered against them in solido and in favor of plaintiff for a total of $15,037.16. We affirm.
The facts are that plaintiff's seventeen year old son was injured when his motorcycle collided with defendant's automobile at the intersection of MacArthur Drive and Louisiana Highway 28 in the City of Alexandria. John was traveling in a southerly direction on MacArthur Drive. Virginia Crawford was traveling in an easterly direction on Highway 28. It was stipulated at the trial that at that time Mrs. Crawford was engaged in a mission for the benefit of the community of property existing between she and her husband, Melvin Crawford.
MacArthur Drive is the favored street at that intersection. Three stop signs, one on both sides of the highway and one elevated above it, face traffic approaching the intersection from the east on Highway 28. Mrs. Crawford testified that she was in the right *1364 lane of Highway 28 and that she observed the stop signs and came to a stop before entering the intersection. Her testimony was refuted by Mr. John Robert Brown, a witness to the accident. Brown testified that he was driving a truck, which he had brought to a stop in the right lane of Highway 28, where he waited for traffic to clear before crossing MacArthur Drive. He testified that he observed Mrs. Crawford approach the intersection in the left lane of Highway 28 and enter it without stopping.
John, who was traveling at a speed of approximately 45 m.p.h., was unable to stop or avoid the Crawford vehicle. His motorcycle struck its left side, as a result of which he sustained a broken front tooth, closed fractures of his right femur, radius and ulna, and multiple abrasions of his right leg and forearm. He was hospitalized and underwent surgery for the repair of his fractured femur.
The trial judge disbelieved Mrs. Crawford's testimony and found that the accident had occurred as described by Mr. Brown. His written reasons for judgment state that he found that Mrs. Crawford was guilty of negligence and that her negligence was the sole proximate cause of John's injuries. He further found that John was not guilty of negligence or contributory negligence. He later amended his written reasons to state that he found that Mrs. Crawford's actions amounted to "gross negligence to the extent of being willful and wanton".
Defendants argue on appeal that the trial court erred in (1) holding that the actions of Virginia Crawford amounted to gross negligence to the extent of being willful and wanton, and (2) determining that the actions of Virginia Crawford were the proximate cause of the accident.
In Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907 (La.App. 3rd Cir. 1975), the terms "willful" and "wanton" were defined as follows:
"The terms `willful', `wanton', and `reckless' have been applied to that degree of fault which lies between intent to do wrong, and the mere reasonable risk of harm involved in ordinary negligence. These terms apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended. The usual meaning assigned to do the terms is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow. See Prosser, Law of Torts, Section 34, at pages 187-189 (3d Ed. 1964). See also Sullivan v. Hartford Accident and Indemnity Company, 155 So.2d 432 (La.App. 2d Cir. 1963); Lipscomb v. New Star World Publishing Corporation, 5 So.2d 41 (La.App. 1st Cir. 1941); Jefferson v. King, 12 La. App. 249, 124 So. 589 (2d Cir. 1929)."
Defendants would distinguish Cates on its facts. They urge various other definitions of the terms "gross negligence", "willful" and "wanton". We find it unnecessary to discuss those arguments. The law applicable to plaintiff's right to recover in this case is Louisiana Civil Code Article 2315. Under that article, she is entitled to recover whether Mrs. Crawford's actions are deemed to be ordinarily negligent or something more aggravated.
In view of the trial court's findings of fact, which we affirm, it is beyond reasonable dispute that Mrs. Crawford was negligent and that that negligence was the proximate cause of John Prosser's injuries. Accordingly, the judgment appealed is affirmed. All costs of this appeal are assessed to defendants.
AFFIRMED.
FORET, J., concurs with written reasons.
*1365 FORET, Judge, concurring.
I concur in the result arrived at by the majority. However, I file these reasons to express my belief that the trial court's finding in its reasons for judgment (and inclusion in the judgment) that Mrs. Crawford's actions amounted to "gross negligence to the extent of being willful and wanton" should be reversed, in no uncertain terms, in the majority opinion. The majority opinion does not do so.
I think that the defendant in this case either inadvertently ran the stop sign, or failed to yield the right of way. This phenomenon occurs numerous times throughout the State of Louisiana every day. Occasionally, accidents will occur. In the other overwhelming majority of such traffic violations, no accident occurs. In my opinion, in the absence of aggravating circumstances, which do not exist here, the inadvertent running of a stop sign or the failure to yield the right of way is simple negligence. To hold otherwise, as the trial court did in this case, is to open a door to hold gross, willful and wanton negligence in all stop sign or yield sign violation cases.
In the last paragraph of the majority opinion, the majority stating that: "In view of the trial court's finding of fact, which we affirm" (emphasis added) leaves hanging the question of whether or not the trial judge was correct in finding and decreeing "gross negligence to the extent of being willful and wanton". I do not believe that defendant Crawford's conduct was gross negligence, willful and wanton, and for that reason, I simply concur with the result reached by the majority.