594 So.2d 963 (1992)
Raymond KEATHLEY, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY INSURANCE CO., et al., Defendants-Appellants.
No. 90-795.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Neblett, Beard & Arsenault, Wm. Neblett, Alexandria, for plaintiff/appellee.
McLure & Pickels, John McLure, Alexandria, for defendant/appellant.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
In this action for damages arising as the result of a battery, defendant's insurer, State Farm Fire & Casualty Co., appealed the judgment of the trial court in favor of *964 plaintiff, Raymond Keathley. Finding the trial court did not err in holding defendant, Sam Mahfouz, liable for plaintiff's damages but did err in holding the insurer liable for the intentional tort under the policy provisions, we affirm in part and reverse in part.

FACTS
On March 2, 1988, plaintiff, Raymond Keathley, and defendant, Sam Mahfouz, were involved in an altercation during a pick-up basketball game, that was not refereed, at the YMCA in Alexandria, Louisiana. During the basketball game, defendant, believing he had been tripped by the plaintiff, approached plaintiff from behind and struck him in the face without warning. Plaintiff was 6'3" weighing 188 pounds and defendant was 6'1" weighing 165 pounds. As a result of this incident, plaintiff lost several teeth and received gum damage due to a previous condition of very poor teeth and gums.
Plaintiff brought this action against defendant and the homeowner's insurer of defendant's mother, State Farm Fire & Casualty Insurance Company (State Farm). Defendant is an insured under his mother's homeowner's policy. State Farm answered the petition alleging this intentional act is excluded under the terms of their homeowner's policy by the bodily injury exclusion regarding damages which were either expected or intended by an insured and also damages resulting from willful and malicious acts of an insured.
On October 24, 1989, a bench trial was held to decide the issues in this case. After listening to the evidence, the trial court held defendant reacted improperly and was liable for the injuries to the plaintiff. In addition, the trial court did not believe defendant contemplated or intended the level of injury suffered by the plaintiff and thus found coverage under State Farm's policy. State Farm now appeals the ruling of the trial court asserting three assignments of error. Defendant, Sam Mahfouz, has not appealed the trial court's ruling.

INSURANCE COVERAGE
Insurance policies are to be construed in their ordinary and popular sense, and any ambiguities in an insurance contract must be resolved according to the general rules governing contract interpretation. Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (1953). Ambiguity will also be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered. See La.C.C. art. 2045; Breland v. Schilling, 550 So.2d 609 (La.1989).
In the homeowner's insurance policy covering defendant, which was issued by defendant, State Farm, the policy provides that personal liability coverage and medical payments to others do not apply to bodily injury or property damage (1) which is either expected or intended by an insured; or (2) to any person or property which is the result of willful and malicious acts of any insured. In an effort to better understand whether the act in question is excluded from coverage, each clause will be discussed separately.
The first clause has been discussed at length by the supreme court in the recent case of Breland v. Schilling, supra. In Breland, the court found the purpose of the intentional injury exclusion is to restrict liability coverage by denying coverage where an insured acts in a deliberate or intentional manner expecting to cause bodily injury to another. The court found the words "bodily injury ... which is expected or intended" stressed that an injury falling under the exclusion was one which the insured intended, not one which the insured caused, however intentional the injury-producing act. This meant that it was the subjective intent of the insured and his expectation which determined which injuries fell under the policy exclusion. The supreme court extensively reviewed the ways in which this ambiguity had been resolved in the past and held that when minor bodily injury was intended and such resulted, the injury was barred from coverage. When serious bodily injury was intended and such resulted, the injury was *965 also barred from coverage. Further, when a severe injury was intended and a substantially greater or more severe injury resulted, coverage for the more severe injury was not barred. Whether the actual injury was intended by the insured was determined to be a question of fact to be decided by the fact finder. Baugh v. Redmond, 565 So.2d 953 (La.App. 2d Cir.1990); Pique v. Saia, 450 So.2d 654 (La.1984); Barras v. Benoit, 509 So.2d 668 (La.App. 3d Cir.1987).
Therefore, since the trial court found that the defendant did not intend such a severe injury as suffered by the plaintiff, and because the trial court is in the best position to evaluate the testimony of the witnesses, we find coverage cannot be excluded under the first part of the exclusionary clause.
While the Breland, supra, case applied directly to the first part of the exclusionary clause, the insurance policy in question contains an additional clause. The second part of the clause in the bodily injury exclusion disallows coverage for bodily injury ... to any person ... which is the result of willful and malicious acts of an insured. Defendant alleges the trial court dismissed this second clause in finding that the homeowner's exclusion did not apply. We find the trial court ignored the second part of the exclusionary clause and thus will now address that issue.
Since we have not found many cases interpreting the language in the second part of the exclusionary clause, we will apply the general and common meaning of the terms involved. The term willful has been defined, and this term has been held to apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended.
"The usual meaning assigned to this term is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It is usually accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." See Prosser, Law of Torts, Section 34, at pages 187-189 (3d Ed.1964). Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907 (La.App. 3d Cir.1975); Prosser v. Crawford, 383 So.2d 1363 (La. App. 3d Cir.1980).
The term malicious, also used in the second part of the exclusionary clause, has not been defined or used in any cases like the term "willful". In order to determine if defendant's conduct falls under this second prong, we must use the common meaning of the word "malicious". The general meaning of this term as found in Black's Law Dictionary 5th ed. is as follows:
"Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse. See also Malice; Willful."
After reviewing the record carefully, there is no reference by the trial court to this part of the exclusionary clause. The court only refers to the part of the exclusion as found in Breland, supra. Since these issues involve factual determinations, we will apply the factual determinations as found by the trial court. While the trial court found that defendant did not intend the severity of the injuries actually suffered by the plaintiff, the court did find defendant acted improperly and without justification by finding him liable for the injuries suffered by the plaintiff. Also, in its written reasons for judgment, the trial court found the defendant hit the plaintiff such that the plaintiff "never saw the blow coming and consequently did nothing to protect himself". This evidence shows the defendant acted with indifference to the consequences with knowledge that some type of harm would follow. We also find the defendant acted intentionally, wrongfully, and without just cause or excuse. While the defendant was found not to have intended such severe injuries to the plaintiff, since he was unaware of plaintiff's previous condition of poor teeth and gums, under the second part of the exclusionary *966 clause, it is immaterial whether the defendant intended the actual resulting injuries.
As the trial court was in the best position to evaluate the testimony of the witnesses, we have followed its factual determinations and thus find that when a person strikes another from behind without warning or notice, he must have intended for harm to follow. This conduct shows indifference to the consequences that may flow from his actions as well as acting wrongfully and without just cause. We further find the conduct of the defendant falls under the second part of the bodily injury exclusion found in State Farm's homeowner's policy. The trial court erred in not addressing this part of the exclusionary clause and in finding the policy in question provided coverage for defendant's actions. Therefore, we find the actions of the defendant are excluded under part two of the bodily injury exclusion, and State Farm is not liable to the plaintiff.

DAMAGES
Defendant's third assignment of error alleges the trial court erred in awarding damages to the plaintiff in excess of the amount alleged in plaintiff's petition. Since we have found that coverage is barred by the bodily injury exclusion, this assignment of error alleged by State Farm is now moot.

CONCLUSION
For these reasons, the judgment of the trial court in favor of plaintiff and against defendant, Sam Mahfouz is affirmed. The judgment of the trial court in favor of the plaintiff and against the defendant, State Farm Fire & Casualty Insurance Co., finding coverage under defendant's homeowner's policy is reversed, and there is judgment in favor of defendant, State Farm, and against the plaintiff, Raymond Keathley. All costs of this appeal are taxed to the plaintiff.
AFFIRMED IN PART; REVERSED IN PART.