JiLUCIEN C. BERTRAND, Jr., Judge Pro Tern.
Moses Thomas, Jr. filed suit, alleging that he sustained personal injuries while fleeing from three gunshots fired at him by defendant, Eugenel Fontenot. Fontenot disputes these allegations, claiming that he fired only one shot in the air because he believed that Thomas was approaching him in a threatening manner. The trial court dismissed Fon-tenot’s insurer, State Farm Fire & Casualty Company, on summary judgment after determining that the State Farm policy did not provide coverage because Thomas’ injuries were the result of Fontenot’s “willful and malicious acts.” Fontenot appeals.
_JjiOn October 4, 1993, Thomas was employed as a “potato digger” on a farm owned by Fontenot. That day, the two men became involved in a heated discussion, followed by Fontenot firing a pistol, when Thomas left his work station before his scheduled lunch break. In his deposition, Thomas testified that he left to retrieve his lunch, but before he could explain his actions, Fontenot, who was observing the workers from his truck, began to curse him. When Thomas cursed back, Fontenot ordered him to leave the premises. The two men argued over the *644 payment of Thomas’ wages for that day, and according to Thomas, Fontenot fired his pistol at Thomas three times. Although Thomas was not shot, he alleges that he injured his knee and his back when he fell while running from the gunfire.
Testifying by deposition, Fontenot presented a different scenario. He admitted that he ordered Thomas to leave the property, but he did so only because Thomas cursed when he asked Thomas where he was going. Fontenot denied firing three shots at Thomas. He claimed that he fired only one shot in the air because Thomas approached him with his hand in his pocket and he feared that Thomas may have had a knife.
State Farm filed a motion for summary judgment, relying upon three exclusions in the “farm/ranch” policy issued to Eugenel Fontenot. The exclusion relied upon by the trial court in granting summary judgment provides:
Coverage L — Personal Liability and Coverage M — Medical Payment to Others do not apply to:
a. bodily injury or property damage:
(1) which is expected or intended by an insured; or
(2) to any person or property which is the result of willful and malicious acts of an insured;
This court has previously construed this same exclusion in Keathley v. State 3Farm Fire & Casualty Ins. Co., 594 So.2d 963 (La.App. 3rd Cir.1992). In Keathley, we turned to prior jurisprudence and to Black’s Law Dictionary for guidance in applying the terms “willful and malicious.” We noted that “willful” has described conduct which is still merely negligent, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended. Black’s Law Dictionary defines “malicious” as “wrongful and done intentionally without just cause or excuse.”
Black’s Law Dictionary also contains an entry defining “willful and malicious injury” as follows:
For such to exist there must be an intent to commit a wrong either through actual malice or from which malice will be implied. Such an injury does not necessarily involve hatred or ill will, as a state of mind, but arises from intentional wrong committed without just cause or excuse.
The defendant in Keathley struck the plaintiff in the jaw from behind without warning or notice. The blow came as a complete surprise, and the plaintiff was unable to protect himself. Under those circumstances, we found the defendant’s actions were willful and malicious, noting their wrongful nature and that they were committed without just cause.
In the instant case, the conflicting testimony prevents us from determining whether Fontenot acted -wrongfully and -without just cause. Fontenot denies that he repeatedly shot directly at Thomas. Rather, Fontenot contends that he fired only one shot in the air to thwart a threatening advance from an angry and possibly armed assailant. Whether he acted willfully and maliciously will depend upon the resolution of these disputed facts. Accordingly, we find that the trial court improperly granted summary judgment as to this exclusion.
State Farm also relied upon two other policy exclusions, which the trial court Udeclined to consider. Those exclusions would require us to determine whether Thomas was a “farm employee,” whether he was injured in the course and scope of an insured’s employment, and whether he was a person eligible to receive workers’ compensation or other disability benefits. The record does not contain sufficient evidence for us to make these determinations. We therefore find that summary judgment on these issues is inappropriate at this time.
For the above reasons, the judgment of the trial court is reversed and this case is remanded to the district court for further proceedings. Costs of this appeal are assessed to appellee, State Farm Fire & Casualty Company.
REVERSED AND REMANDED.