976 So.2d 246 (2008)
Kyriakos TSILIMOS
v.
GULF MARINE AND INDUSTRIAL SUPPLIES, INC. and Demtrios N. Spetsiotis.
No. 2007-CA-0998.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Jim S. Hall, Joseph W. Rausch, Jim S. Hall & Associates, LLC, Metairie, LA, for Plaintiff/Appellant.
John E. McAuliffe, Jr., Frederick A. Miller & Associates, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
EDWIN A. LOMBARD, Judge.
The plaintiff, Kyriakos Tsilimos, appeals the trial court's granting of a motion for summary judgment in favor of the defendant, State Farm Fire and Casualty Co. ("State Farm"). For the reasons set forth below, we affirm.
Statement of Facts
Mr. Tsilimos alleges that on March 8, 2002, while in the course and scope of his employment with defendant, Gulf Marine and Industrial Supplies, Inc. ("Gulf Marine"), he was physically assaulted by defendant, Demitrios Spetsiotis, who, at the time, was Mr. Tsilimos' supervisor. On March 3, 2003, Mr. Tsilimos filed a claim with the Office of Workers' Compensation. On March 23, 2003, Mr. Tsilimos filed a petition for damages against Gulf Marine and Mr. Spetsiotis, alleging personal injuries as a result of the "intentional act" of Mr. Spetsiotis.
On November 16, 2006, Mr. Tsilimos filed a second supplemental and amending petition naming State Farm as a defendant. State Farm is the homeowner's liability insurer of Mr. Spetsiotis. Gulf Marine also filed a cross claim against State Farm. In response, State Farm filed a motion for summary judgment based on an exclusion in the policy precluding coverage for intentional acts of the insured. The *248 matter was heard on May 25, 2007. On June 4, 2007, the trial court granted summary judgment in favor of State Farm and dismissed Gulf Marine's cross claim. Mr. Tsilimos' timely devolutive appeal followed.
Standard of Review
The sole issue to be addressed in this appeal is whether the trial court properly granted a motion for summary judgment in favor of State Farm. Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. Pro. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 4 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. If the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact" and summary judgment should be granted La. C.C.P. art. 966(C)(2).
Discussion
The insurer bears the burden of proving the applicability of policy exclusions. Tunstall v. Stierwald, XXXX-XXXX, p. 6-7 (La.2/26/02), 809 So.2d 916, 921. In the present case, State Farm argues that two exclusions within Mr. Spetsiotis' policy apply to preclude coverage. The policy, which State Farm introduced in support of the motion for summary judgment, states in pertinent part:
Coverage L and Coverage M do not apply to:
a. bodily injury or property damage:
(1) which is either expected or intended by an insured; or
(2) to any person or property which is the result of willful and malicious acts of an insured.
Also in connection with its motion for summary judgment, State Farm presented an excerpt from Mr. Tsilimos' deposition. Mr. Tsilimos testified that he was involved in a work-related argument with his supervisor, Mr. Spetsiotis. He stated that Mr. Spetsiotis, in an apparent attempt to make Mr. Tsilimos leave the jobsite, grabbed Mr. Tsilimos by the collar and/or coat and pushed him, two or three times, throwing him against the wall. Mr. Tsilimos further testified that at one point during the altercation, his right foot got jammed under a wooden pallet, causing injury to his ankle.
In opposition to the motion for summary judgment, Mr. Tsilimos presented excerpts from his own deposition and from the depositions of two co-workers who witnessed the incident, Mike Cenance and Abideen Olamide Olojo. Mr. Tsilimos submits that his and his co-workers' testimony raises questions of fact surrounding Mr. Spetsiotis' "intent" to injure Mr. Tsilimos. Both witnesses testified that there was a verbal argument between Mr. Spetsiotis and Mr. Tsilimos. Mr. Cenance thought there was going to be "a lot of violence" so he got between the two men and separated them. He witnessed Mr. Spetsiotis pushing Mr. Tsilimos. He did not see Mr. Spetsiotis *249 ever strike Mr. Tsilimos, and he never saw Mr. Tsilimos fair against the wall or jam his foot under the pallet. Mr. Olojo testified that he did not see any pushing or striking during the argument.
Mr. Tsilimos argues that summary judgment was improper because questions of fact remain as to whether Mr. Spetsiotis intended the injuries sustained by Mr. Tsilimos, citing Breland v. Schilling, 550 So.2d 609 (La.1989), for the position that the intentional act exclusion in the policy only applies where the insured acts deliberately and intends or expects bodily injury to another. In sum, Mr. Tsilimos contends that because Mr. Spetsiotis did not intend or expect Mr. Tsilimos to be injured, the exclusion does not apply.
Discussing its decision in Breland, the Supreme Court explained:
The purpose of the intentional injury provision is ". . . to prevent an insured from acting wrongfully with the security of knowing that his insurance company will `pay the piper' for the damages." Breland, 550 So.2d at 610, quoting Transamerica Ins. Group v. Meere, 143 Ariz. 351, 694 P.2d 181, 186 (1984); Great American Insurance Co., supra. The exception, by its language, makes it clear that not all injuries resulting from an intentional act will be excluded, but only those injuries that were themselves intended. Breland, supra; Great American Insurance Co., supra. "The subjective intent of the insured, as well as his reasonable expectations as to the scope of his insurance coverage, will determine whether an act is intentional. An act is intended if the perpetrator desires the results of his action or he believes that the results are substantially certain to occur." Great American Insurance Co., 608 So.2d at 985; Breland, supra, quoting United Servs. Auto. Ass'n v. Elitzky, 358 Pa.Super. 362, 517 A.2d 982, 989 (1986).
Yount v. Maisano, 627 So.2d 148, 152-153 (La.1993).
We note that the Breland and Yount cases dealt solely with the exclusionary clause for intentional acts. In the present case, State Farm asserts that the insurance policy in question contains a separate exclusion for the "willful and malicious acts of an insured." In Keathley v. State Farm Fire & Casualty Insurance Co., 594 So.2d 963 (La.App. 3 Cir.1992), the Third Circuit construed an exclusionary clause in a liability policy identical to the clause in the present case. The court held that under the second part of the exclusionary clause (willful and malicious acts), it was immaterial whether the defendant intended the actual resulting injuries. Keathley, 769 So.2d at 966. Although acknowledging that not many cases interpreted the "willful and malicious" exclusionary clause, the court noted:
The term willful has been defined, and this term has been held to apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended.
The usual meaning assigned to this term is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It is usually accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow. See Prosser, Law of Torts, Section 34, at pages 187-189 (3d Ed.1964); Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907 (La.App. 3d Cir.1975); Prosser *250 v. Crawford, 383 So.2d 1363 (La.App. 3d Cir.1980).
The term malicious, also used in the second part of the exclusionary clause, has not been defined or used in any cases like the term "willful." In order to determine if defendant's conduct falls under this second prong, we must use the common meaning of the word "malicious." The general meaning of this term as found in Black's Law Dictionary 5th ed. is as follows: "Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse. See also Malice; Willful."
Keathley, 594 So.2d at 965-966.
In Menson v. Taylor, 99-0300 (La.App. 1 Cir. 4/17/00), 764 So.2d 1079, a case involving a fight between a supervisor and employee, the First Circuit addressed a situation where the defendant asserted he did not intend to injure the victim. The court considered a homeowner's insurance policy exclusion for willful and malicious acts and held that it was immaterial whether the defendant intended the actual resulting injury to plaintiff. More specifically, the court stated: "this exclusion applies to conduct showing the defendant acted with a conscious indifference to the consequences with knowledge that harm would follow. The `malicious' prong of the exclusion applies to conduct that is intentional, wrongful, and without just cause or excuse." Menson, at p. 9, 764 So.2d at 1084.
In the present case, the evidence revealed that Mr. Spetsiotis initiated the physical altercation. According to Mr. Tsilimos' testimony, Mr. Spetsiotis became angry because Mr. Tsilimos was unable to fill an order from the warehouse as requested. As witnessed by Mr. Cenance, Mr. Spetsiotis began grabbing and pushing Mr. Tsilimos in attempt to throw him out of the warehouse. While Mr. Spetsiotis may not have fully appreciated the consequences that would follow from his actions, that does not make his actions any less willful or malicious. Under State Farm's policy, coverage is not provided for willful and malicious acts, regardless of whether the insured intended the resulting damages.
The Supreme Court in Breland and Yount recognized that great deference should be given to the finder of fact in these cases. After reviewing the evidence and applicable jurisprudence in this case, and considering the totality of the circumstances surrounding the incident, we find no error on the part of the trial court in concluding that the exclusion applied to preclude coverage.
Conclusion
For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of State Farm.
AFFIRMED.
BELSOME, J. Concurs with Reasons.
BELSOME, J. Concurring.
While I agree with the majority's determination that the trial court did not err in finding that Mr. Spetsiotis acted willfully and maliciously when he repeatedly shoved Mr. Tsilimos after their heated verbal altercation, there is arguably an issue of material fact with respect to whether Mr. Spetsiotis expected or intended the bodily injury that resulted from his actions. Because the policy exclusions are phrased in the disjunctive, however, this Court's finding that Mr. Spetsiotis' actions were willful and malicious is sufficient to affirm the trial court's judgment. Accordingly, I respectfully concur in the result.