806 So.2d 756 (2001)
Heather Marie HOLLINGSWORTH, et al.
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION.
No. 01-C-397.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
C. Gordon Johnson, Jr., James R. Nieset, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, Attorneys for defendant-relator, United Services Automobile Association.
*757 Melvin Ripp, Jr., Gretna, LA, Attorney for plaintiffs-respondents, Heather Marie Hollingsworth, et al.
Court composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
This is a writ application that we originally denied, stating, "The showing is insufficient to make a ruling on the merits of relator's claim, because the application contains neither a copy of the petition nor a copy of the insurance policy in question." Hollingsworth, et al. v. United Services Automobile Association, 01-397 (La.App. 5 Cir. 5/18/01).
The defendant-relator sought review by the state supreme court. The supreme court granted the writ application and remanded the matter to us for briefing, argument and opinion. Hollingsworth v. United Services Automobile Association, 01-1710 (La.10/26/01), 799 So.2d 1152.
In obedience to the supreme court's order, we granted the parties time to file additional briefs and set the matter for hearing. We also ordered the defendant-relator to supplement the writ application with copies of the original petition and the insurance policy.
In a petition filed on December 15, 1999, Heather Marie Hollingsworth[1] alleged that on December 17, 1997 she was in the process of exiting a vehicle registered in the name of her father, Fred A. Hollingsworth, when she was confronted by an unidentified motorist, who attempted a vehicle hijacking. During the course of this confrontation, the unidentified motorist discharged a shotgun, which injured plaintiff's right hand. The assailant fled in an unidentified vehicle, driven by another unidentified accomplice. The injury to plaintiff's hand required amputation of her right index finger, with other scarring and deep lacerations, resulting in permanent disability and functional displacement.
Plaintiff sought recovery from the insurer of her father's car, United Services Automobile Association (USAA), under the Uninsured Motorists (UM) provisions of the policy. USAA brought a motion for summary judgment, asserting there was no coverage because the injuries did not arise out of the ownership, maintenance or use of the uninsured motor vehicle.
In opposition to the motion for summary judgment, plaintiff argued that it was her use of her own vehicle that triggered coverage, under the "getting into or out of" language of the definition of "occupying," because she was getting out of her car when the shooting occurred.
In rebuttal, defendant argued that this is outside the language of the UM insuring agreement.
The trial court denied summary judgment and defendant sought writs, asserting the trial court's failure to find that the gunshot wound sustained by plaintiff did not arise out of the ownership, maintenance or use of an uninsured motor vehicle was erroneous and that the trial court erred in denying the USAA motion for summary judgment.
USAA does not dispute that plaintiff is a covered person under the policy, as she is a family member. The policy language is as follows, in pertinent part:

*758 PART CUNINSURED MOTORISTS COVERAGE
(referred to as UM)
DEFINITIONS
* * *
B Uninsured motor vehicle means a land motor vehicle ... of any type:
* * *
3 Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in bodily injury without hitting;
a you or any family member;
b a vehicle which you or any family member are occupying; or
c your covered auto.
If there is no physical contact with the hit-and-run vehicle the covered person must prove, by an independent and disinterested witness, that the bodily injury was the result of the actions of an unidentified motorist or of someone who is uninsured or underinsured.
* * *
INSURING AGREEMENT
We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of BI [bodily injury]:
3. Sustained by a covered person; and
4. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
In its writ application relator argues there was no uninsured vehicle involved in the December 17, 1997 incident for several reasons: plaintiff was shot by an assailant who approached her on foot; when she was shot she was standing outside of her car; her car was parked and the engine was turned off; after she was shot she struggled with her assailant and he pushed her back into her car; the assailant then fled on foot and later got into another car and was driven away.
In support of its argument relator cites Kessler v. AMICA Mutual Insurance Company, 573 So.2d 476 (La.1991), in which the plaintiff, while driving his car, was shot by another motorist, who then fled the scene and was never identified. The supreme court held that the plaintiff was required to prove three things:
First, plaintiff must prove that the damages which he is entitled to recover from the unindentified motorist were caused by an accident. Second, he must prove that the unidentified motorist's liability arose out of the ownership, maintenance or use of an uninsured motor vehicle. Finally, plaintiff must prove that the unidentified automobile was an uninsured motor vehicle.
573 So.2d at 477.
With respect to the second item, the "arising out of" requirement, the supreme court relied on the analysis set forth in Carter v. City Parish Government, Etc., 423 So.2d 1080, 1087 (La.1982), in which the court held:
The arising-out-of-use provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. Accordingly, we believe that the limitation requires a court to answer two separate questions: (1) was the conduct of the insured of which the plaintiff complains a legal cause of the injury? (2) was it a use of the automobile?
Applying the Carter analysis in Kessler, the supreme court found:

*759 The conduct which was the legal cause of the plaintiff's injury was the unidentified motorist shooting a gun toward the plaintiff. A common-sense analysis reveals that this conduct was not a use of the vehicle despite the fact that the unidentified motorist may have been using the vehicle at the time. The duty that the unidentified motorist breached existed independently of his use of the automobile. The fact that he was in his vehicle at the time of the shooting was incidental to the breach of his duty not to shoot at the plaintiff. This breach did not require the use of the vehicle nor did it involve the use of the vehicle.
Kessler, 573 So.2d at 479.
Relator does not dispute that in this case the conduct of the assailant was the cause-in-fact and the legal cause of plaintiff's harm. Relator contends, however, that the assailant's conduct was not a use of the uninsured automobile and, therefore, cannot be covered by the UM clause of the policy. Relator notes, "After the shooting and subsequent struggle, the assailant fled on foot for almost one-half of a city block before getting into a car and driving away. That car had absolutely nothing to do with the injuries complained of by Miss Hollingsworth."
In her opposition to the writ application plaintiff contends, citing various sections of the policy, that plaintiff's injury is a "bodily injury" as defined by the policy; that plaintiff is an insured under the policy; that she was occupying "the vehicle in question because she was getting out" of it; that "the vehicle in question was covered..."; that the unidentified motorist "caused an accident ... without vehicle contact." Finally, plaintiff asserts,
The insurance agreement clearly states that the defendant will pay damages to a covered person, caused by an accident. It qualifies it and states that damages must arise out of the ownership, maintenance, and use of the uninsured vehicle. It is respectfully suggested that Heather clearly met the definition of use of the vehicle because she was either getting in of [sic], but more particularly, getting out of, and/or exiting said vehicle, as defined in the contract.
The issue here, however, is not plaintiff's use of her own automobile; rather, it is the use of the uninsured automobile whether the act of the shooter arose out of use of the uninsured vehicle.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.... Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume.
Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 196-197.
In Slade v. Altex Ready-Mix Concrete Corp., 579 So.2d 1102 (La.App. 2 Cir.1991), a somewhat similar case, the victim was shot and robbed shortly after he exited his vehicle to aid the murderer, who stood near his apparently disabled pickup on the shoulder of a rural highway. The issue on appeal was whether the murderer's use of his vehicle to lure the victim to his death was a use of the vehicle for purposes of UM coverage. The Second Circuit held, "The duty that was breached by the murderer that legally caused plaintiff's damages [not to murder another] was independent of and incidental to the murderer's using the pickup in the murder-robbery scheme [illegally parking it, a cause-in-fact, *760 but not legal cause within contemplation of the policy language under the two-part Carter test]." 579 So.2d at 1104.
Applying the reasoning in these cases to the undisputed facts of this case, we are unable to find any alternative but to hold that the shooter's actions were not a use of the uninsured vehicle for purposes of UM coverage under this policy.
Accordingly, we find that the trial court erred in denying summary judgment. The ruling is reversed and IT IS ORDERED that summary judgment be entered in favor of relator, United Services Automobile Association, finding that there is no coverage for this incident under the Uninsured Motorists portion of the policy.
REVERSED AND RENDERED.
NOTES
[1] There are multiple plaintiffs: Heather's parents and siblings joined in the suit, seeking recovery for deprivation of her service and society and for mental anguish and emotional distress caused when they came upon the event soon after its occurrence. For purposes of this decision, all their claims are comprised within the term "plaintiff."