CLARENCE E. McMANUS, Judge.
The trial court granted summary judgment in favor of defendant United Services Automobile Association (“USAA”), dismissing all of plaintiffs claims against USAA. For the reasons which follow, we affirm the trial court’s judgment.

STATEMENT OF THE CASE

On February 14, 2001, the plaintiff, Scott Stebbins (“Stebbins”), rented a moving van from Budget Rent-A-Car (“Budget”). The next day, Stebbins returned to obtain a larger van and a dolly. The Budget employee asked Stebbins to help her retrieve the dolly from a storage shed because she was working alone that day. While Stebbins was retrieving the dolly from the shed, he stepped onto an allegedly uneven surface and fractured his foot.
Stebbins filed a Petition for Damages against Budget arguing that there was a hazardous uneven elevation outside of the storage shed and Budget’s employee failed to warn him of the dangerous condition. Stebbins argued that the hazardous condition and the failure to warn resulted in his injuries and Budget was responsible for *509 his damages. Thereafter, Budget filed for bankruptcy and Stebbins amended his petition to add USAA as a defendant. USAA provided uninsured motorist coverage to Stebbins at the time of the accident.
USAA filed a motion for summary judgment arguing that Stebbins’ injuries did not arise out of the use of an uninsured motor vehicle, therefore, the USAA policy did not provide coverage for the injuries claimed by Stebbins. A hearing was held on June 11, 2003 and the trial court granted USAA’s motion for summary judgment. Stebbins now appeals this judgment.

DISCUSSION

On appeal, Stebbins argues that his injuries did arise out of the ownership, maintenance or use of the uninsured rental van and, therefore, the USAA uninsured motorist policy applies and the trial court erred in granting summary judgment in favor of USAA.
The USAA policy contains the following section pertinent to uninsured motorist coverage:
We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of [bodily injury]:
1. Sustained by a covered person;
and,
2. Caused by an accident.
The owner’s or operator’s liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsured motor vehicle.
Stebbins sustained the bodily injury and he was a covered person under the insurance policy. Further, his injuries were caused by an accident. Therefore, the only other question to be considered in determining whether or not his damages are covered by this uninsured motorist policy, is whether or not his injuries arose out of the use of the uninsured rental van.
This Court has recognized that one does not need to be actually operating or driving the vehicle in order to be using it. Terminix Services, Inc. v. State Farm Mutual Automobile Insurance Company, 01-CA-720, 803 So.2d 198, 202 (La.App. 5 Cir. 11/27/01). The Supreme Court, in Carter v. City Parish Government, Etc., 423 So.2d 1080 (La.1982), established a two part analysis to be used to determine if the “arising-out-of-use” provision of an uninsured motorist policy has been met. The following questions must be answered affirmatively in order for coverage to apply: (1) was the conduct of the uninsured of which the plaintiff complains a legal cause of the injury, and (2) was it a use of the automobile. Id.
In Hollingsworth v. United Services Automobile Association, 01-C-397, 806 So.2d 756 (La.App. 5 Cir. 12/26/01), this Court applied the analysis set forth in Carter. In Hollingsworth, the plaintiff was exiting the insured vehicle when an unidentified assailant attempted to hijack her vehicle. During the confrontation, the plaintiff was shot in the hand and the assailant fled the scene in a vehicle driven by another unidentified motorist. The plaintiffs vehicle belonged to her father and was insured with USAA. The policy included the same uninsured motorist coverage as Stebbins’ policy and the plaintiff sought coverage under that policy. This Court applied the Carter analysis and found no coverage under the policy because the injury did not arise out of the use of the uninsured vehicle.
In addition, this Court applied the Carter analysis in Terminix Services, Inc. v. State Farm Mutual Automobile Insurance Company, supra. In Terminix, the Terminix facility was destroyed by fire caused by sparks from a cutting torch used by *510 Reichert Iron Works. The torch was powered by oxygen and acetylene tanks on the bed of a truck, owned by Reichert and insured by State Farm. Terminix filed suit and subsequently named State Farm as a defendant, arguing coverage under the automobile insurance policy because the damages arose out of use of the truck. This Court applied the two questions set forth in Carter and found no coverage under the automobile insurance policy. This Court held that in order for conduct to arise out of the use of the vehicle, the auto must be essential to the theory of liability and the specific duty breached must flow from the use of the automobile. This Court found that the duty breached by the Reichert employees did not arise out of the placement of the tanks in the bed of the truck and, therefore, it did not flow from the use of the truck.
Stebbins alleges he was injured because of a hazardous uneven elevation outside of Budget’s storage shed and the failure of Budget’s employee to warn him of the hazardous condition. He alleges that he should be afforded uninsured |smotorist coverage under his USAA policy because this injury occurred while he was using the uninsured van. Stebbins argues he was using the van at the time of the accident because he was retrieving equipment, the dolly, which belonged with the van and was to be intricately used along with the moving van.
We find that these alleged causes of Stebbins’ injuries do not arise out of the use of the uninsured Budget moving van. We find that the dolly rented by Stebbins was not a part of the moving van. The two pieces of equipment were separate. In addition, the alleged causes of Stebbins’ injuries relate to the condition of Budget’s property and the negligence of an employee. These causes do not relate to the use of the moving van. As this Court found in Terminix, in order for the conduct to arise out of the use of the vehicle, the vehicle must be essential to the theory of liability and the duty breached must flow from the use of the vehicle. The moving van is not essential to the theory that there was a hazardous uneven elevation outside of the storage shed. In addition, the allegation that the employee was negligent because she failed to warn Stebbins of this hazardous condition does not flow from the use of the moving van.
Therefore, we find that the conduct complained of by Stebbins does not arise out of the use of the uninsured moving van. Thus, the USAA uninsured motorist policy does not provide coverage to Stebbins for these injuries.
Accordingly, we find the trial court correctly granted summary judgment in favor of USAA and dismissed Stebbins’ claims against it.

AFFIRMED.