800 So.2d 1012 (2001)
John W. HOUGHTALING, II
v.
Edward M. RICHARDSON, et al.
No. 01-CA-208.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
*1013 Roy M. D'Aquila, Frances McGinnis, Kenner, LA, Attorney for Defendant/Appellant, Edward M. Richardson, III.
Donna R. Musselman, Schafer & Schafer, New Orleans, LA, Attorneys for Defendant/Plaintiff in Intervention/Appellee, United Services Automobile Association.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Appellant Edward M. Richardson, III, appeals the trial court's grant of Summary Judgment to United Services Automobile Association (USAA) on its Petition for Intervention. This judgment held that USAA had no duty to defend its insured, Mr. Richardson, and found that its policy provided no coverage. We reverse and remand.
Plaintiff, John W. Houghtaling, II, sued Edward M. Richardson after Richardson allegedly threw a hammer at Houghtaling's car as he drove past Richardson's house. Richardson reconvened against Houghtaling, alleging different underlying facts, but admitting throwing the hammer at Houghtaling's car, arguing that it was justified in self defense and defense of his family. After defendant Richardson notified his homeowner's insurance carrier, USAA, of the claim against him, and demanded that USAA defend him, USAA filed a Petition of Intervention, admitting that they issued a homeowner's liability policy to Mr. Richardson, but arguing that they owed no duty to defend Richardson or provide insurance coverage for the incident because Houghtaling's petition alleges *1014 that Richardson committed an intentional tort. USAA filed a Motion for Summary Judgment on the issue, which the trial court granted.
Richardson appeals, arguing that the trial court erred in three respects in granting USAA's Motion for Summary Judgment. First, he argues that the trial court erred in granting Summary Judgment to USAA based upon the exclusionary clause in the homeowner's policy. Second, the trial court erred in determining that there were genuine issues of material fact that would preclude the granting of Summary Judgment. Third, the trial court erred in determining that USAA had no duty to defend the insured.

LawDuty to defend and coverage
Insurance policies should be construed to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148 (La. 1993). Any ambiguity in exclusion should be narrowly construed in favor of coverage. Id. The insurer bore the burden of proving the applicability of an intentional injury exclusion. Id. If the language in an exclusion is subject to two or more reasonable interpretations, the interpretation that favors coverage must be applied. KLL Consultants, Inc. v. Aetna Cas. & Sur. Co. of Illinois, 99-14 (La.App. 5 Cir. 6/1/99), 738 So.2d 691.
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano, supra. The insurer's duty to defend suits brought against its insureds is determined by the allegations of the plaintiffs petition, and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. The allegations in the petition are to be construed liberally to determine whether they state grounds bringing the claims within the scope of the insurer's duty to defend. Assuming all the allegations of the petition to be true, if there would be coverage under the policy and also liability to the plaintiff, the insurer must defend the suit, regardless of the outcome of the suit. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. Yount v. Maisano, supra; KLL Consultants, Inc., supra.
In paragraph 12, the petition describes the torts as 1) assault, 2) assault with a deadly weapon, 3) the threat of harmful or offensive contact with defendant, resulting from an act intended to cause defendant to suffer such contact, 4) the threat of intentional and unpermitted contact with petitioner's person or the vehicle in which he was driving, which is attached to or practically identified with him, 5) intentional infliction of emotional distress, 6) inconvenience, and 7) any and all other intentional acts, acts of negligence, fault or imprudence which may be proven during the investigation and/or trial of this matter.
Dr. Richardson's policy with USAA contains the following exclusion:
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to bodily injury or property damage:
a. caused by the intentional or purposeful acts of any insured, including conduct that would reasonably be expected to result in bodily injury to any person or property damage to any property.
The exclusion, in its introductory language, excludes coverage for bodily injury or property damage, caused by the intentional *1015 or purposeful acts of any insured. The petition alleges that Dr. Richardson threw a hammer in the direction of petitioner's car. The petition does not state where in the street or how far away from the car the hammer actually landed.[1] It is undisputed that the hammer made no contact with the petitioner's person or property. The petition, in paragraph 12, describes "any and all other acts of negligence, fault or imprudence." The inclusion of negligence as a cause of action makes the allegations of the petition not ones that unambiguously exclude coverage.
The policy also contains the following language that states USAA's contractual obligation to provide a defense to its insured:
COVERAGE EPersonal Liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
1. pay up to our limit of liability for the damages for which the insured is legally liable; and
2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent....
The Yount case is instructive. There, the defendant severely beat the plaintiff, giving him numerous blows and kicks to the face and head that resulted in serious injuries, including a broken jaw. The court ultimately found that USAA owed no coverage for the intentional acts of the insured in beating the plaintiff, but did find that USAA owed a duty to defend the case, based upon the fact that the petition's allegations did not unambiguously exclude coverage. The fact that coverage was not afforded, in the end, did not relieve USAA of its duty, under the policy, to defend its insured.
Given the case law cited above and the allegation of negligence contained in paragraph 12 of the petition, we cannot say that the USAA policy at issue here unambiguously excludes coverage, and thus we find that USAA has a duty to defend its insured. We leave for trial on the merits the issue of coverage. We reverse the grant of Summary Judgment that was rendered in favor of USAA, and remand for further proceedings.
REVERSED; REMANDED
NOTES
[1] Defendant's answer and reconventional demand alleges that the hammer was small, and landed in the street well behind the petitioner's vehicle, due to the petitioner's high rate of speed.