802 So.2d 752 (2001)
Andrew COSTLY, Jr.
v.
Norwood BATISTE, his Insurance Company, State Farm Insurance Company, Patterson Insurance Company as the Insurance Carrier for Andrew Costly, Jr. and ABC Insurance Agency.
No. 01-CA-496.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 2001.
*753 Fred R. Defrancesch, LaPlace, LA, Attorney for Plaintiff/Appellant (Andrew Costly, Jr.).
Matthew W. Pryor, Timothy E. Pujol, Percy, Pujol & Wall, Gonzales, LA, Attorneys for Defendants/Appellees (Norwood Batiste and State Farm Mutual Automobile Insurance Company).
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
GOTHARD, Judge.
The sole issue presented in this appeal is whether plaintiff, Andrew Costly, Jr.,[1] is precluded by the "no pay, no play" law embodied in LSA-R.S. 32:866 et. seq. from recovering damages sustained in an automobile accident. Plaintiff, Costly, filed this action against Norwood Batiste and his insurance company, State Farm Insurance Company (State Farm). In the petition plaintiff also names his own insurance company, Patterson Insurance Company (Patterson), and ABC Insurance Agency (ABC)[2] as defendants. Plaintiff asserts that he was injured in an automobile accident caused by defendant, Batiste. Plaintiff further alleges he purchased a policy of liability insurance for his vehicle with Patterson through ABC.
Plaintiff later dismissed his demands against Patterson without prejudice, but reserved his right to proceed against all other named defendants. He filed a motion for summary judgment against ABC.
Plaintiff and defendants, Batiste and State Farm, made a joint stipulation that the total value of plaintiff's claim did not exceed $10,000.00. Subsequently, Batiste and State Farm filed a motion for summary judgment asserting that plaintiff did not own or maintain a policy of compulsory motor vehicle liability security at the time of the accident as required by law, and has therefore forfeited recovery for the first $10,000.00 of either bodily injury or property damage. Batiste and State Farm further argue that, since plaintiff has stipulated that his total claim does not exceed $10,000.00, a summary judgment in favor of Batiste and State Farm is appropriate. After a hearing on the matter the trial court granted the summary judgment, dismissing plaintiff's claims against Batiste and State Farm. It is from that judgment that plaintiff appeals. State Farm has filed an answer to the appeal seeking an affirmation of the trial court's ruling.
Evidence presented to the court in support of the motion for summary judgment consisted of the joint stipulation, and the deposition testimony given by plaintiff. Plaintiff objected to the motion and introduced his deposition as evidence. In his deposition, plaintiff testified that he *754 "thought" he had insurance on the day of the accident. He stated that he went to ABC and paid cash for liability insurance before the accident, although he could not remember when that occurred and he did not have a receipt. He could not remember the amount of money he gave to ABC, but he thought it was approximately $400.00. He could not recall whether he paid for six months or a year of coverage. He never received a policy, but he did receive an insurance card. He subsequently learned that no policy was written and he was uninsured.
A copy of the insurance card is contained in the record. It indicates that a policy of motor vehicle liability insurance was issued to Andrew Costly effective March 22, 1999, expiring March 22, 2000. The accident at issue herein occurred on June 6, 1999. The card names Patterson as the insurer. There is no mention of ABC.
LSA-R.S. 32:866A (1) provides that:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
It is clear from the record that plaintiff did not own or maintain compulsory motor vehicle liability security and that the total value of his claim is less than $10,000.00. Plaintiff does not dispute these facts. He argues his testimony, that he went to ABC in good faith to purchase insurance, gave ABC money and obtained an insurance card, creates issues of material fact which remain to be decided and thus precludes a summary judgment in favor of Batiste and State Farm. We disagree.
A motion for summary judgment, which is now favored in the law, should be granted when there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA C.C.P. Art. 966. On the issue of whether plaintiff is precluded from recovery pursuant to the "no pay, no play" statute, there is no genuine issue of material fact remaining to be decided. The statute is clear and direct. It mandates that a driver who does not own or maintain a policy of liability insurance is precluded from collecting damages for the first $10,000.00 of either bodily injury or property damage sustained in an automobile accident. Plaintiff herein has conceded both that he did not have insurance on the day of the accident, and that his damages do not total $10,000.00. Thus, Batiste and State Farm are entitled to summary judgment as a matter of law.
Plaintiff's arguments to this court concern issues of material facts relating to his claim against ABC, which is still viable. He asserts he went, in good faith, to ABC to obtain insurance. He testified that he paid approximately $400.00 and thought ABC placed him with Patterson. Those facts are disputed by ABC and remain undecided. However, the claim against ABC is not relevant to our inquiry in this appeal which is limited to the issue of the correctness of the summary judgment rendered in favor of Batiste and State Farm.
For the foregoing reasons we affirm the trial court's judgment which granted summary judgment in favor of Batiste and State Farm and remand the matter for further proceedings against the remaining defendant, ABC. All costs of this appeal are assessed to plaintiff.
AFFIRMED AND REMANDED.
NOTES
[1] We note that in the minute entries included in the record, and on the insurance card offered by plaintiff, his name is written as Andrew Costley. For the purposes of consistency in this opinion we refer to plaintiff as Costly.
[2] In a subsequent pleading, the name of the insurance agency was corrected to ABC Agency Network, Inc.