862 So.2d 157 (2003)
AUDUBON TRACE CONDOMINIUM ASSOCIATION, INC.
v.
BRIGNAC-DERBES, INC., Ronald L. Brignac, Individually, John J. Derbes, Individually, Lawrence Derbes, Individually, et als.
No. 03-CA-746.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 2003.
*158 Scott P. Yount, Ashley Miller Scott, Preston & Cowan, L.L.P., New Orleans, LA, Counsel for Defendant/Appellant, Gulf Insurance Company.
Henry W. Kinney, Tara E. Clement, Kinney & Ellinghausen, Patrick D. Breeden, New Orleans, LA, Counsel for Defendant/Appellee/2nd Appellant, John J. Derbes.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Third party defendant, Gulf Insurance Company (Gulf), appeals the trial court's partial grant of third party plaintiff, John J. Derbes's, Motion to Assess Attorney Fees and Costs, arguing that the trial court was incorrect in implicitly finding that Gulf had the duty to defend him in the main demand. John J. Derbes also appeals the judgment, arguing that the trial court erred in denying him attorney fees and costs associated with litigating the coverage issue. After thorough consideration of the law and evidence, we affirm.
PROCEDURAL HISTORY
In 1996, plaintiff, Audubon Trace Condominium Association, Inc. sued defendant, Brignac-Derbes Inc. (Brignac-Derbes), developer of Audubon Trace Condominiums, John J. Derbes (Derbes) personally, a principal of Brignac-Derbes, and other defendants for property damages resulting from the alleged faulty construction of said condominiums. Derbes filed Exceptions and Answers to plaintiff's Petition. He also filed a Third Party Demand against various insurers who, at various times, were alleged to have issued different insurance policies to Brignac-Derbes, alleging insurance coverage of the alleged acts/omissions.
This appeal concerns Third Party Defendant, Gulf Insurance Company, who issued a Comprehensive General Liability Policy to Brignac-Derbes effective April 4, 1985 to July 1, 1985. Gulf filed Exceptions and Answers to both the plaintiff's Petition and Derbes's Third Party Demand, denying coverage for the allegations in plaintiff's Petitions under several grounds, both that the coverage provided did not cover the factual allegations in the Petition, and also that several exclusions applied.
Apparently at some point, Derbes was dismissed from the main demand, though neither the pleadings concerning this dismissal nor judgment appear in the appeal record.[1] Also not of record, Gulf filed a Motion for Summary Judgment on July 6, 2000, arguing that its policy did not provide coverage to Brignac-Derbes for the acts alleged in the plaintiff's Petition, and *159 that several coverage exclusions applied. The Motion was denied by the trial court on May 9, 2001, without reasons.
Gulf took Writs to this Court, No. 01-C-671 (June 29, 2001), which denied the application. Writs were also taken to the Supreme Court, which were denied on November 9, 2001 (No.2001-CC-2214).
On September 30, 2002, Derbes filed a Motion to Assess Attorney Fees and Costs against Gulf. Gulf opposed the Motion on procedural grounds, and further, argued that the policy did not provide coverage to Derbes.
The trial court granted the Motion in part, granting Derbes attorney fees and costs associated with his defense, but denying Derbes the portion of attorney fees for litigating the coverage issue. The judgment was certified as final and immediately appealable.
Gulf appealed, arguing that the Motion to Assess Attorney Fees was premature since the issue of coverage and the duty to defend has never been decided by the trial court. Gulf also argues that Derbes should have filed a Motion for Summary Judgment on the duty to defend issue before filing a Motion for Fees and Costs.
Derbes also appealed, arguing that he is entitled to all of his claimed attorney fees and costs, including the portion incurred litigating the coverage issue.
GULF'S APPEAL
Gulf first argues that the trial court committed reversible error, in granting Derbes's Motion, by implicitly finding that Gulf owed Derbes the duty to defend under Gulf's policy. They argue that there is no coverage under their policy to Derbes, and hence there is no duty to defend.
As this court recently stated in Houghtaling v. Richardson, 01-208 (La.App. 5 Cir. 10/17/01), 800 So.2d 1012:
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano [93-C-1276 (La.11/29/1993), 627 So.2d 148], supra. The insurer's duty to defend suits brought against its insureds is determined by the allegations of the plaintiff's petition, and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. The allegations in the petition are to be construed liberally to determine whether they state grounds bringing the claims within the scope of the insurer's duty to defend. Assuming all the allegations of the petition to be true, if there would be coverage under the policy and also liability to the plaintiff, the insurer must defend the suit, regardless of the outcome of the suit. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. Yount v. Maisano, supra; KLL Consultants, Inc. [99-CA-14 (La. App. 5 Cir. 06/01/1999), 738 So.2d 691], supra.
We agree that the trial court implicitly found that Gulf owed a defense to Derbes on the main demand.
We find that when the trial court denied Gulf's Motion for Summary Judgment on coverage in 2000, and Writs were denied by both this Court and the Supreme Court, implicit in those rulings is three courts' findings that Gulf's policy did not unambiguously exclude coverage to Derbes. Hence, under Houghtaling and the cases cited therein, Gulf owed Derbes the duty to defend. Therefore, we find no reversible error in the trial court's partial grant of Derbes's Motion to Assess Attorney Fees.
*160 DERBES'S APPEAL
Derbes appeals also, arguing that the court erred in granting only part of his Motion. He argues that the trial court erred in not awarding him attorney fees and costs associated with litigating the coverage issue. We disagree. The law is clear in this respect. An insured cannot recover its attorney fees in connection with litigation of a coverage issue where neither the insurance contract nor any statute provided for fees under such circumstances. Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213. A review of the insurance contract language shows that it does not provide for these fees, nor is there any statute that would apply.
On appeal, Derbes argues that he is owed penalties under LSA-R.S. 22:1220. We disagree. The procedural history of this case supports our finding that Gulf has been in good faith in its dispute of its coverage/duty to defend issues.
Accordingly, the judgment is affirmed, each party to bear their own costs.
AFFIRMED.
NOTES
[1] The record was designated on appeal. Derbes's dismissal is noted in Derbes's appellate brief, but the date of the dismissal is not established.