865 So.2d 180 (2003)
Anthony PRESTENBACH, Ginger Prestenbach, Individually and on Behalf of the Minor Children, Arec and Alec Prestenbach and Monica Lachute, On Behalf of the Minor Children Adam and Austen Prestenbach
v.
Barry BADEAUX, Hacker Mayronne, ABC and XYZ Insurance Company.
No. 03-CA-809.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*181 Daryl A. Higgins, James J. Young, IV, Windhorst, Gaudry, Ranson, Higgins & Gremillion, L.L.C., Gretna, LA, for Plaintiff/Appellant (Anthony Prestenbach).
John J. Hainkel, Jr., Nicholas C. Gristina, Porteous, Hainkel & Johnson, LLP, New Orleans, LA, for Defendant/Appellee (Louisiana Farm Bureau Mutual Insurance Company).
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and JAMES L. CANNELLA.
SOL GOTHARD, Judge.
Plaintiffs, Anthony Prestenbach; Ginger Prestenbach, wife of deceased Arthur Prestenbach, individually and on behalf of Alec and Arec, minor children of Arthur Prestenbach; and Monica LaChute, on behalf of Adam and Austen, minor children of Arthur Prestenbach, filed suit for damages arising out of a confrontation between Anthony and Arthur Prestenbach and defendant, Barry Badeaux, which occurred on land owned by defendant, Hacker Mayronne. Barry Badeaux filed a reconventional demand for damages he incurred in the incident. Thereafter, Anthony Prestenbach filed a third party demand against Louisiana Farm Bureau Mutual Insurance Company (hereinafter "Louisiana Farm Bureau"), his homeowner's insurer, alleging that it owed him a defense under the terms of his policy. Louisiana Farm Bureau filed a motion for summary judgment, arguing that the claims alleged were intentional torts, excluded under the terms of the policy. The trial court granted Louisiana Farm Bureau's motion, and Anthony Prestenbach filed this appeal. For the reasons that follow, we affirm the decision of the trial court.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Creative Risk Controls, Inc. v. Brechtel, 01-1150 (La.App. 5 Cir. 4/29/03), 847 So.2d 20, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 353. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Creative Risk Controls, Inc., supra.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; Creative Risk Controls, Inc., supra.
In this appeal, appellant alleges that the trial court erred in finding that Louisiana Farm Bureau did not owe a duty to defend Anthony Prestenbach.
Regarding the duty to defend pursuant to a homeowner's insurance policy, this court has said:
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano, supra [627 So.2d 148 (La.1993)]. The insurer's duty to defend suits brought against its insureds is determined by the allegations of the plaintiff's petition, and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. The allegations in the petition are to be construed liberally to determine *182 whether they state grounds bringing the claims within the scope of the insurer's duty to defend. Assuming all the allegations of the petition to be true, if there would be coverage under the policy and also liability to the plaintiff, the insurer must defend the suit, regardless of the outcome of the suit. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. Yount v. Maisano, supra; KLL Consultants, Inc. [v. Aetna Cas. & Surety Co. of Illinois], supra[, 99-14 (La.App. 5 Cir. 6/1/99), 738 So.2d 691].
Houghtaling v. Richardson, 01-208 (La. App. 5 Cir. 10/17/01), 800 So.2d 1012, 1014.
The policy at issue provides that:
SECTION IILIABILITY COVERAGES
COVERAGE EPERSONAL LIABILITY
If a claim is made or a suit is brought against any insured for damages, because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
* * *
2. provide a defense at our expense by counsel or our choice, even if the suit is groundless, false or fraudulent. We may investigate, settle, deny, or defend any claim or suit that we decide is appropriate. Our obligation to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.
* * *
SECTION IIEXCLUSIONS

* * *
1. Coverage EPersonal Liability and Coverage f Medical Payments to Others do not apply to bodily injury or property damage:
a. resulting from intentional acts or directions by you or any insured. The expected or unexpected results of these acts or directions are not covered.
The court in Sperli v. Guiterrez, 00-1089 (La.App. 5 Cir. 10/18/00), 772 So.2d 805, 807 stated that, "This state's jurisprudence provides that the intentional act exclusion applies when the insured acts intentionally in self-defense." See also, Hewitt v. Allstate Insurance Company, 98-0221 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120.
In his reconventional demand, Badeaux alleges that the incident described was caused solely by the "negligence and intentional treatment" of Anthony Prestenbach. Badeaux alleges he was hunting when he was approached by Anthony and Arthur Prestenbach, who cursed at him, threatened him and then chased him, backing him up to the edge of land. Anthony Prestenbach told his brother Arthur, "If he [Badeaux] runs, shoot him." Arthur raised a high powered rifle, pointed at Badeaux and said, "If you run, I'll shoot you." Badeaux alleged that he pleaded with the brothers to stop and to not come any closer, but his pleas went unheeded. When Badeaux saw Arthur Prestenbach shoulder his rifle, and saw Anthony Prestenbach approach him with hands raised and fists clenched, he raised his own weapon to his side, and without shouldering it, fired several rounds, first at Arthur and then at Anthony Prestenbach.
The Prestenbach petition alleges that Arthur Prestenbach died and Anthony Prestenbach was paralyzed as a result of injuries caused by Badeaux. In his petition, *183 Badeaux states that charges filed against Badeaux were dismissed by the grand jury.
In this case, the petition filed by Badeaux against the Prestenbachs clearly alleges intentional, and not negligent acts, despite the use of the word negligent in the petition. Badeaux alleges that the Prestenbachs assaulted him, without reasonable cause, provocation or justification, engaged in or failed to avoid a confrontation with him, used excessive force and took actions which were unreasonable. Badeaux further alleges that Arthur Prestenbach pointed a high powered rifle at him, and told him that if he moved he would be shot, so that Anthony Prestenbach could beat him to death. Badeaux has clearly alleged that Anthony Prestenbach committed intentional torts, coverage of which is excluded under the Louisiana Farm Bureau's policy.
We also note that appellant, in reply brief, suggests that the grant of summary judgment is premature as there "has been no discovery in this matter to determine if the negligence allegations made in Badeaux's reconventional demand can be substantiated by the facts." As we noted in this opinion, the "duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence." Houghtaling, supra at page 1014.
Accordingly, we find that the trial court did not err in granting Louisiana Farm Bureau's motion for summary judgment, finding that it owed no duty to defend Anthony Prestenbach under the reconventional demand filed by Badeaux.
For the above discussed reasons, the decision of the trial court granting summary judgment in favor of Louisiana Farm Bureau, dismissing Prestenbachs' third party demand against it. All costs are assessed against appellant/plaintiff, third party plaintiff.
AFFIRMED.