926 So.2d 80 (2006)
Tina Fremin, Wife of/and Henry FREMIN
v.
Norma Cabral, Wife of/and Steven CABRAL.
No. 05-CA-932.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
Rehearing Denied May 3, 2006.
Sidney J. Angelle, Brandt J. Cacamo, New Orleans, Louisiana, for Defendant/Appellant.
David E. Walle, Michael F. Bollman, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
Norma and Steven Cabral (Cabrals), appeal a judgment of the trial court that granted a Motion for Summary Judgment filed by third-party defendant, Audubon Insurance Company (Audubon). For reasons that follow, we reverse.
The underlying action arises from a dispute between neighbors that allegedly became violent. The Fremins filed a petition for injunctive relief and damages alleging that their neighbors, Norma and Steven Cabral (Cabrals), "attacked" Henry Fremin. According to the petition, there has been strife between the families for several years caused by Henry Fremin parking his Entergy bucket truck on the street. The Fremins allege that Steven Cabral hit *81 Henry Fremin with his fists, and struck him on the back of the head with a brick. It is also alleged that Steven Cabral successfully encouraged his eleven-year-old daughter to participate in the attack.
The trial court issued a temporary restraining order in favor of the Fremins, and ultimately a preliminary injunction, preventing the Cabrals from going within twenty-five feet of the Fremins or any of their property. The Cabrals filed an answer denying the allegations made by the Fremins, and a reconventional demand asserting that the Fremins cursed and intimidated their minor daughter when she was alone at home.
The reconventional demand presents the Cabrals' view of the fight between the two families. It is alleged that the Fremins accused the Cabrals' daughter of throwing a rock at the Fremins' car. Steven Cabral maintains that when he went outside to investigate the incident, Mrs. Fremin went into the Cabrals' home and began hitting Mrs. Cabral with a telephone. Mrs. Fremin wrestled Mrs. Cabral to the ground and continued hitting her in the face and kicking her in the stomach and legs. Although Mrs. Cabral was able to get free from Mrs. Fremin and run out of the house, Mrs. Fremin followed Mrs. Cabral and continued to beat her. Mrs. Cabral began to defend herself from the attack. According to the Cabrals, it was at this point that Mr. Fremin grabbed Mr. Cabral and put him in a "head lock." Mr. Cabral had recently undergone neck surgery and was reluctant to fight back. The Cabrals' daughter began screaming, "stop hitting my Daddy," and jumped on Mr. Fremin's back to help her father. Mr. Fremin threw the child off of his back and punched her. At this point, Mr. Cabral punched Mr. Fremin. The fight escalated.
The Fremins answered the reconventional demand with a general denial and re-asserted the facts in their original petition.
The Cabrals filed a third party demand against their homeowner insurance carrier, Audubon Insurance Company (Audubon), for failure to provide a defense and indemnity in the action. Audubon answered the petition admitting it was the carrier for the Cabrals' homeowner's policy, but asserting the basis of the lawsuit was an intentional act specifically excluded by the terms of the policy. Subsequently, Audubon filed a motion for summary judgment on the same basis.
After a hearing, the trial court granted the motion for summary judgment in favor of Audubon, dismissing the Cabrals' claims against Audubon. It is from that judgment that defendants, Steven and Norma Cabral, appeal.
At issue in this appeal is whether the exclusionary clause for intentional acts of the insured in the insurance policy precludes the Cabrals from coverage, and by extension, precludes a defense to the suit filed by the Fremins. The Audubon policy provides that, when "a claim is made or a suit is brought against an `insured' for damages because of `bodily injury' or `property damage' caused by an `occurrence' to which this coverage applies," it will "(p)rovide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent." Audubon asserts the claim made against the Cabrals in this suit is an excluded intentional act and is not an `occurrence' to which coverage under the policy applies.
The exclusionary clause used as the basis of Audubon's argument reads as follows;
1. COVERAGE EPersonal Liability and Coverage FMedical Payments to Others do not apply to `bodily injury' or `property damage':

*82 a. Which is expected or intended by one or more `insureds' even if the `bodily injury' or `property damage':
(1) Is of a different kind, quality, or degree than initially expected or intended; or
(2) Is sustained by a different person, entity, real or personal property, than initially expected or intended.
The clause in the policy continues to provide that;
However, this Exclusion 1.a. does not apply to `bodily injury' resulting from the use of reasonable force by one or more `insureds' to protect persons or property.
(emphasis ours)
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). Appellate courts review summary judgment de novo using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate. Gautreaux v. Dufrene, 04-970 (La. App. 5 Cir. 1/11/05), 894 So.2d 385, 387. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La.C.C.P. art. 966(A)(2). Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La. App. 5 Cir. 6/28/05), 907 So.2d 804.
As explained by the Louisiana Supreme Court;
...............The interpretation of an insurance contract is nothing more than a determination of the common intent of the parties. Obviously, the initial determination of the parties' intent is found in the insurance policy itself. In analyzing a policy provision, the words, often being terms of art, must be given their technical meaning. When those technical words are unambiguous and the parties' intent is clear, the insurance contract will be enforced as written.

Doerr v. Mobil Oil Corp., XXXX-XXXX (La.12/19/00), 774 So.2d 119, 123-124; rehearing granted for correction only, 00-0947 (La.3/16/01), 782 So.2d 573.
In the matter before us the meaning of the relevant clauses in the insurance contract is clear. Intentional acts are not covered, unless they are performed to defend person or property.
The Cabrals argue that the exclusion does not apply because their actions were defensive in nature. They argue they were protecting themselves and their property from the aggression of the Fremins, making the exclusion for intentional acts inapplicable.
Audubon argues that the underlying suit seeks damages for injuries resulting from the intentional batteries committed by the Cabrals. Audubon further argues that there are "no allegations in the Fremin petition that the Cabrals were defending themselves." Therefore, Audubon reasons that the exclusion for intentional actions is applicable.
We are not persuaded by Audubon's argument and reasoning. It is unlikely that the Fremins, in a petition for damages caused by an attack, would allege the attackers were acting in self defense. The answer and reconventional demand filed by the Cabrals must also be considered in deciding whether a material issue of fact remains to be decided by the trier of fact. *83 The narrative in the reconventional demand contradicts the presentation of facts set forth in the original petition, and asserts that the Cabrals acted in self defense. These are factual issues material to the decision of whether the exclusionary clause is applicable. Therefore, we find a summary judgment releasing Audubon from the suit at this point is inappropriate, and the trial court erred in rendering judgment. We remand the matter to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.