WALTER J. ROTHSCHILD, Judge.
 

 | .¿This is an appeal from a summary judgment rendered in favor of United Services Automobile Association (“USAA”) dismissing a third party demand on the issue of insurance coverage. For the reasons stated herein, we reverse and remand the case for further proceedings.
 

 Facts and Procedural History.
 

 Anthony M. Graphia filed the instant suit for damages against Ronald L. Schmitt, Jr. as a result of a physical altercation that took place between the two men in front of Schmitt’s home on the night of July 8, 2006. In his petition, plaintiff alleges that he was leaving Schmitt’s home after a party when Schmitt snuck up behind him and began beating him, causing personal injury. Schmitt responded to the petition with an answer generally denying the allegations of the petition and pleading self defense as an affirmative defense. Also, Schmitt brought a reconventional demand against Graphia alleging fault on his part as well as a third party demand against Schmitt’s homeowner’s insurer, USAA, seeking a defense and indemnity against the claims asserted by Graphia.
 

 lain its answer, USAA admitted that a policy had been issued to Schmitt, but asserted that the policy did not provide coverage for the alleged acts of Schmitt based on an intentional act exclusion contained in the policy. Thereafter, USAA brought a motion for summary judgment on the basis that there was no coverage under the subject policy for the damages incurred herein and thus there was no duty to defend. Following a hearing, the trial court granted summary judgment in favor of the insurer, and Schmitt now appeals from this ruling.
 

 By this appeal, Schmitt contends that the trial court erred in granting summary judgment with regal’d to coverage under its policy without producing any evidence to support that the intentional acts exclusion contained in the policy applied to the facts of this case. Schmitt contends that the factual allegations of self-defense in his reconventional demand and the affidavit of a witness to the incident who corroborated this defense render the intentional act exclusion in the policy inapplicable.
 

 Lavo and Discussion
 

 A motion for summary judgment should be granted when there exists no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966;
 
 Costly v. Batiste,
 
 01-496, p. 3 (La.App. 5 Cir. 11/14/01), 802 So.2d 752, 754. Appellate courts review summary judgments
 
 de novo
 
 
 *718
 
 using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate.
 
 Skidmore v. Initial DSI Transport, Inc.,
 
 99-1066, p. 2 (La.App. 5 Cir. 2/29/00), 757 So.2d 107, 108. Whether an insurance policy provides or precludes coverage, as a matter of law, can be resolved within the framework of a motion for summary judgment.
 
 Richardson v. Lott,
 
 03-┴0189,4 p. 5 (La.App. 1 Cir. 11/7/03), 868 So.2d 64, 69,
 
 writ denied,
 
 OS-3324 (La.2/13/04), 867 So.2d 707.
 

 An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.
 
 Hollingsworth v. United Services Auto. Association,
 
 01-397, p. 6 (La.App. 5 Cir. 12/26/01), 806 So.2d 756, 759,
 
 writ denied,
 
 02-295 (La.4/12/02), 813 So.2d 406;
 
 Magnon v. Collins,
 
 98-2822, p. 7 (La.07/07/99), 739 So.2d 191, 196-197. Absent a conflict with statutory provisions or public policy, insurers, or like other individuals, are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume.
 
 Id.
 

 Generally, an insurer’s obligation to defend suits against its insured is broader than its liability for damage claims.
 
 Prestenbach v. Badeaux,
 
 03-809, p. 3 (La.App. 5 Cir. 12/30/03), 865 So.2d 180, 182;
 
 Yount v. Maisano,
 
 627 So.2d 148, 153 (La.1993). Within this context, the insurer’s duty to defend suits brought against its insured is determined by the allegations of the plaintiffs petition, and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. The allegations in the petition are to be construed liberally to determine whether they state grounds bringing the claims within the scope of the insurer’s duty to defend. Assuming all the allegations of the petition to be true, if there would be coverage under the policy and also liability to the plaintiff, the insurer must defend this suit, regardless of the outcome of the suit. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. The duty to defend is determined solely from | sthe plaintiffs pleadings and the face of the policy, without consideration of extraneous evidence.
 
 Prestenbach v. Bad,eaux,
 
 03-809, p. 3 (La.App. 5 Cir. 12/30/03), 865 So.2d 180, 182;
 
 Audubon Trace Condominium Ass’n v. Brignac-Derbes, Inc.,
 
 03-746, p. 5 (La.App. 5 Cir. 11/25/03), 862 So.2d 157, 159,
 
 writ denied,
 
 03-3483 (La.3/12/04), 869 So.2d 822;
 
 Yount v. Maisano,
 
 627 So.2d 148,153 (La.1993).
 

 The policy of insurance issued by United Services Automobile Association to Ronald J. Schmitt, Jr. provides in part that:
 

 “SECTION II — LIABILITY COVERAGES
 

 SECTION II — EXCLUSIONS
 

 1. Coverage E-Personal Liability * * * [does] not apply to bodily injury or property damage:
 

 a. caused by the intentional or purposeful acts of any insured, including conduct that would reasonably be expected to result in bodily injury to any person or property damage to any property.”
 

 The pertinent portions of the plaintiffs petition for damages read as follows:
 

 “3. On or about July 8, 2006, at approximately 10:30 p.m., petitioner, Anthony M. Graphia, was leaving a party at 505 Wiegand Drive, Bridge City, Louisiana, when defendant, Ronald J. Schmitt, Jr., suddenly and without warning snuck up behind petitioner and violently and with
 
 *719
 
 malice aforethought began beating petitioner in the head, face and body. Defendant continued to viciously beat plaintiff even after he was prostrate on the ground and unconscious.
 

 4. This brutal and cowardly attack which was perpetrated upon plaintiff by defendant, Ronald J. Schmitt, Jr., was in no way caused or provoked by your petitioner and in fact he had no idea that this savage attack was imminent until he was first struck by defendant, Ronald J. Schmitt, Jr., from behind”
 

 Although the unrebutted facts of the petition standing alone indicate plaintiff seeks damages for injuries he describes as an intentional battery committed by Schmitt, Schmitt affirmatively pleads self defense in his answer. Schmitt alleges that he witnessed an altercation between Graphia | (iand his girlfriend where Graphia verbally and physically assaulted the girlfriend. Schmitt attempted to intervene in the altercation and Graphia violently began striking out and hitting Schmitt. Schmitt alleges he struck Graphia “in order to defend himself.”
 

 USAA argues that the duty to defend is determined solely from the plaintiffs pleadings and the face of the policy, and that the trial court correctly declined to consider the allegations of self-defense in defendant’s responsive pleadings in its determination of whether the insurer possesses a duty to defend its insured. In support of its argument, USAA relies on a case from this Court,
 
 Sperli v. Guiterrez,
 
 00-1089 (La.App. 5 Cir. 10/18/00), 772 So.2d 805, wherein the insured’s self-defense exception argument to an intentional act exclusion was found to lack merit. However, that case is distinguishable from the present situation as the parties’ depositions revealed that the insured pulled a gun and shot defendant, who did not have a weapon. This Court found that there was no issue of fact as to the intent of the insured in this case.
 

 USAA also relies upon another decision from this Court,
 
 Prestenbach v. Badeaux, supra,
 
 08-809 (La.App. 5 Cir. 12/30/03), 865 So.2d 180. However, in that case, the Court found no duty to defend where the allegations of a reconventional demand indicated the insured pointed a rifle at the defendant. We likewise find the facts of that case to be distinguishable from the present case where a finding of an intentional act on the part of the insured remains in dispute.
 

 Subsequently, in
 
 Fremin v. Cabral,
 
 05-932, p. 6 (La.App. 5 Cir. 3/28/06), 926 So.2d 80, 82, this Court held that an answer and reconventional demand must be considered in deciding whether a material |7fact remains to be decided by the trier of fact. In that case, as in this one, the narrative in the responsive pleadings contradicts the presentation of facts set forth in the original petition. In
 
 Fremin,
 
 we found that these are factual issues material to the decision of whether an exclusionary clause in an insurance policy is applicable.
 

 USAA argues that the
 
 Fremin
 
 case is distinguishable as the language of the exclusionary clause considered in that case is not identical to the one considered in the present case. However, we find the reasoning in the
 
 Fremin
 
 case applies to the instant factual situation. It is unlikely that in his petition for damages caused by an attack, Graphia would have alleged that Schmitt was acting in self-defense. The answer and reconventional demand filed by Schmitt, if proven to be true, presents a factual situation whereby the insurance policy could be reasonably interpreted to cover the act committed by its insured, Ronald Schmitt.
 

 Further, a reading of the provisions of the USAA policy indicates that the exclu
 
 *720
 
 sion applies to intentional acts of the insured, including conduct that would reasonably be expected to result in bodily injury. Based on Schmitt’s version of the accident, there is at least an issue of fact of whether Schmitt intended his actions or whether his conduct would reasonably be expected to result in bodily injury to Grap-hia. In interpreting an intentional act exclusion, the Supreme Court has held that the insured’s subjective intent regarding bodily injury, as measured by the fact finder, controls whether coverage applies.
 
 Breland v. Schilling,
 
 550 So.2d 609, 614 (La.1989).
 

 Therefore, based on the facts of this particular case, we find a summary judgment releasing USAA from the suit at this point in the proceedings is inappropriate, and the trial court erred in rendering judgment 18in favor of the insurance company. Based on a review of the insurance policy and the pleadings herein, we are unable to find that the policy in this case unambiguously excludes coverage for this incident as a matter of law. Accordingly, we remand the matter to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.