STEPHEN J. WINDHORST, Judge.
12Jeanne Sirey appeals a summary judgment granted in favor of her homeowners insurer, State Farm Fire and Casualty Company (“State Farm”), finding that State Farm owed no duty to defend or indemnify Ms. Sirey against the claims asserted by Connie Love and denying Ms. Sire/s cross-motion for summary judgment. For the following reasons, we affirm in part, vacate in part and remand the matter back to the trial court.

PROCEDURAL HISTORY

On February 27, 2007, Ms. Love filed a Complaint for Personal Injuries against Ms. Sirey claiming that Ms. Sirey committed continuous assaults and batteries on Ms. Love through inappropriate comments and inappropriate bodily contact, which occurred at their place of employment, Moti-va.[1] Subsequently, Ms. Sirey contacted State Farm and reported the pending lawsuit. State Farm proceeded to defend Ms. Sirey pursuant to a reservation of rights by appointing separate counsel to represent Ms. Sirey. State Farm filed an Intervention for Declaratory Judgment and then a motion for summary judgment asserting that coverage defenses precluded coverage to Ms. Sirey. Ms. Sirey filed a cross-motion for summary judgment contending she had coverage under the policy. The trial |acourt granted State Farm’s summary judgment and denied Ms. Sirey’s cross-motion for summary judgment. This appeal followed.

DISCUSSION

When reviewing a trial court’s grant of a motion for summary judgment, a de novo standard of review is applied. Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 7/31/12), 99 So.3d 696. In summary judgment there is no live testimony or determination of credibility of evidence by the trial court. La. C.C.P. art. 966 B(2); KMJ Services, Inc. v. Hood, 12-757, p. 4 (La.App. 5 Cir. 4/10/13), 115 So.3d 34, 2013 WL 1442631; Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228. Therefore, courts of appeal apply the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, ie., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. KMJ Services, Inc., 12-757 at 4, 115 So.3d at 36.
Generally, in a motion for summary judgment, the mover retains the burden of proof. After adequate discovery, if the mover sustains this initial burden by showing an absence of factual support for at least one essential element of the adverse *736 party’s claim, action, or defense, then the burden shifts to the adverse party to present factual support adequate to establish that he will be able to satisfy the evidentia-ry burden at trial. La. C.C.P. art. 966 C(l) & (2). Subsequently, if the adverse party fails to produce factual support to show that he will be able to meet his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966 C(2). Robinson v. Jefferson Parish Sch. Bd., 08-1224 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975, citing Champagne v. Ward, 03-3211 (La.1/19/05), 893 So.2d 773, 776-77.
| insurance policies are contracts between the insured and insurer wherein the agreement governs the nature of their relationship. La. C.C. art.1983. An insurance policy is a contract that must be construed using the general rules of contract interpretation set forth in the Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/4/94), 630 So.2d 759, 763; Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1028. Whether an insurance policy provides or precludes coverage is a dispute that can be properly resolved within the framework of a motion for summary judgment. Brewster v. Hunter, 09-932 (La.App. 5 Cir. 3/9/10), 38 So.3d 912, 915, writ denied, 10-773 (La.6/4/10), 38 So.3d 305.
The purpose of liability insurance is to provide the insured protection from claims of damage. Peterson, 729 So.2d at 1028. Courts must determine the intent of the parties when interpreting an insurance policy. La. C.C. art. 2045. Insurance policies should be interpreted to effect coverage, not deny coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993). An exclusion from coverage should be narrowly construed. Breland v. Schilling, 550 So.2d 609, 610 (La.1989). An insurance policy should not be interpreted unreasonably or in a strained manner in an attempt to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Bernard v. Ellis, 11-2377 (La.7/2/12), 111 So.3d 995; Graphia v. Schmitt, 08-613 (La.App. 5 Cir. 1/13/09), 7 So.3d 716, 718. Absent a conflict with public policy or statutory provisions, insurers, like other persons, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the obligations they contractually assume under the policy. Id. When the policy’s language is clearly expressed and unambiguous, the insurance policy must be enforced as written and no further interpretation may be made to determine the intent of the ^parties. Id; La. C.C. art.2046. However, when the policy provisions are ambiguous and susceptible to two or more reasonable interpretations, then those provisions are construed against the insurer and in favor of coverage. La. C.C. art.2056; Louisiana Ins. Guar. Ass’n, 630 So.2d at 764.
In general, an insurer’s obligation to defend a lawsuit against its insured is broader than its liability for damage claims. Yount, 627 So.2d at 153. A duty to defend an insured is determined by the allegations of the plaintiffs petition wherein the insurer is obligated to provide a defense unless the petition unambiguously and clearly excludes coverage. Id., citing American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987). Assuming all the allegations of the plaintiffs petition are true, if there would be coverage under the policy and liability to the plaintiff, the insurer must defend its insured irrespective of the *737 final outcome of the lawsuit. Id.; Graphia, 7 So.3d at 718. The allegations of the petition are liberally construed to determine whether they set forth grounds which bring the claim within the insurer’s duty to defend. Id.
Assignment of Error One
In her first assignment of error, Ms. Sirey contends that the trial court erred by finding that the acts claimed in Ms. Love’s petition do not constitute an insurable “occurrence” under the policy issued to Ms. Sirey by State Farm.
State Farm contends that the policy defines an “occurrence” as an “accident.” State Farm argues that the acts of battery and assault are intentional by nature and thus, do not constitute an “occurrence” under the policy. State Farm further claims that when reviewing the acts from the point of view of Ms. Love, the actions by Ms. Sirey do not constitute an “accident.” Ms. Love testified in her deposition that she did not believe that the actions by Ms. Sirey were an accident.
1 fiSection II of the policy entitled “Liability Coverage,” provides:
Coverage L — Personal Liability:
If a claim is made or a suit is brought against an Insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
1. Pay up to our limit of liability for the damages for which the Insured is legally liable; and
2. Provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.
Thus, for the policy to afford coverage to Ms. Sirey there must have been a suit brought against the insured, Ms. Sirey, for “bodily injury” or “property damage” caused by an “occurrence” as defined in the policy.
In Ms. Love’s petition and first amended petition, she claimed that Ms. Sirey repeatedly committed several assaults and batteries on Ms. Love over a period of time and the “touchings were offensive” to Ms. Love. Ms. Love additionally claimed that as a result of “continuous unchecked threats” she suffered severe emotional distress that resulted in her transfer to another position wherein she was sent home as disabled.
The trial court found that there was no coverage for the claims in Ms. Love’s petitions because they did not constitute an “occurrence” as defined in the policy. The policy definition states that an “occurrence,” when used in Section II of the policy, is “an accident, including exposure to conditions, which results in bodily injury or property damage during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.”
The policy does not define “accident,” “exposure to conditions” and/or “repeated or continuous exposure.” It does not exclude intentional acts from | coverage (discussed infra, assignment of error three), and the definition of occurrence does not specifically exclude assault and battery. Considering the precise language of the policy, and the allegations set forth in the petitions, the policy does not unambiguously or clearly exclude Ms. Love’s claims from coverage as an insurable occurrence. We find that the trial court erred in concluding that the petitions fail to state a covered occurrence.
*738 Assignment of Error Two
In her second assignment of error, Ms. Sirey contends that the trial court erred by finding that Ms. Love’s claims did not result in “bodily injury.”
State Farm argues that Ms. Love in her deposition affirmatively testified that she did not sustain any bodily injury or property damage as a result of the actions of Ms. Sirey. State Farm further claims that the policy excludes damages for emotional distress under the definition of “bodily injury.”
Ms. Sirey contends that Ms. Love’s petition and first amended petition claimed bodily injury.. Specifically, Ms. Love claimed that she suffered emotional distress and was “disabled” as result of the acts perpetrated by Ms. Sirey. Additionally, Ms. Sirey argues that Ms. Love testified in her deposition that as a result of the . emotional distress, she suffered from a physical bodily injury, ie., loss of bodily functions. Furthermore, Ms. Sirey claims that Ms. Love’s petitions assert various assaults and batteries which include the threat of physical contact and physical contact which could reasonably be interpreted as “bodily injury.”
In the State Farm policy, “bodily injury” is defined as physical injury, sickness, or disease to a person. The policy further provides that:
Bodily Injury does not include:
c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.
lsOn the face of the petition and first amended petition, Ms. Love clearly claimed “bodily injury” sufficient to trigger coverage under the State Farm policy. Ms. Love claimed unwanted bodily contact and “threatened” bodily contact by Ms. Sirey. Ms. Love contended that the acts by Ms. Sirey caused her to be disabled. A review of Ms. Love’s deposition testimony provides additional evidence that Ms. Love sustained bodily injury. Ms. Love testified that due to fear and anxiety she developed a physical injury, namely, loss of her bodily functions. Furthermore, Ms. Love claimed bodily injury by contending Ms. Sirey committed several batteries which by its nature encompasses bodily contact. Thus, the policy does not unambiguously exclude coverage for Ms. Love’s claimed bodily injury. The trial court erred in finding Ms. Sirey did not have coverage under the policy.
Assignment of Error Three
In her third assignment error, Ms. Sirey claims that the trial court erred by finding that this was an intentional act that was excluded by the intentional act provision when in fact the policy contains an intentional injury exclusion.
State Farm argues that the acts of assault and battery are intentional torts and are excluded under the policy’s intentional act/malicious acts exclusion provision. Ms. Sirey contends that the policy does not contain an intentional act exclusion, rather it contains an intentional injury exclusion which has been held not to exclude all intentional acts.
The State Farm policy “Section II — Exclusions” provides:
1. Coverage L and Coverage M do not apply to:
a. bodily injury or property damage:
(1) which is either expected or intended by the insured; or
(2) which is the result of willful and malicious acts of the insured;
lain interpreting insurance policies, policies should be construed to effect coverage, not deny it. Yount, 627 So.2d at 151, citing Breland, 550 So.2d at 610. Thus, *739 any exclusion from coverage should be narrowly construed and where an ambiguity exists, the provision should be construed in favor of coverage and against the insurer. Reynolds v. Select Properties, Ltd., 634 So.2d 1180, 1188 (La.1994), citing Great American Ins. Co. v. Gaspard, 608 So.2d 981, 984 (La.1992); La. C.C. art. 2056.
In Breland, 550 So.2d at 610, the Supreme Court discussed the difference between an intentional act and an intentional injury exclusion. The Court held that
[t]he purpose of the intentional injury exclusion is to restrict liability insurance coverage by denying coverage to an insured in circumstances where the insured acts deliberately and intends or expects bodily injury to another. The exclusion is “designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will ‘pay the piper’ for the damages.”
The language used in an intentional injury exclusion provision has been held to be ambiguous. Pique v. Saia, 450 So.2d 654, 655 (La.1984). An intentional injury clause, by its language does not exclude coverage for bodily injury caused by an insured’s intentional act. Breland, 550 So.2d at 611. The exclusion precludes coverage for bodily injury “expected or intended” by the insured. Id. Thus, the excluded injury would be the injury the insured intended, not the injury which the insured unintentionally caused, however intentional the act which produced the injury. Id. The subjective intention and expectation of the insured will determine which injuries fall within and which fall outside the scope of coverage under an insurance policy with this language.[2] Id.
| mThis interpretation is in direct contrast to the traditional intentional tort inquiry into an individual’s intent. The intentional tort inquiry focuses on the consequences an objective reasonable person might expect or intend as a result of a deliberate act. Id. Thus, the intentional tort standard exposes an individual to liability for injuries he did not foresee or intend to produce, whereas an intentional injury exclusion excludes coverage only for those injuries which the defendant subjectively intended to inflict. Id. at 612.
For the intentional injury exclusion, whether the act and the resulting injury were intended by the insured is a question of fact to be determined by the trier of fact. Id. at 614. The trier of fact must examine “not only the words before, at the time of, and after the pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation.” Yount, 627 So.2d at 152, citing Great American Insurance Co., 608 So.2d at 986, quoting Breland, 550 So.2d at 615 (Lemmon, J. concurring). Because this inquiry is fact intensive, much discretion will be given to the trier of fact. Yount, 627 So.2d at 152.
The State Farm policy does not contain an intentional act exclusion. Instead it contains an intentional injury exclusion. Thus, the court must determine Ms. Sirey’s subjective intent to determine whether the she intended the injuries, *740 which is an issue of fact. Accordingly, a genuine issue of material fact exists as to Ms. Sirey’s subjective intent which precludes summary judgment under the intentional injury exclusion. We find that the trial court erred in finding that the intentional injury exclusion precluded coverage to Ms. Sirey under the policy.
State Farm also asserts that the insurance policy contains a separate exclusion for the “willful and malicious | nacts of an insured.” Under the malicious acts section of the exclusion, State Farm contends that coverage to Ms. Sirey is excluded. State Farm argues that assuming the court finds that the exclusion is an intentional injury exclusion, any intended or unintended injury is not relevant in a determination of malicious acts. Rather, the mere act itself fits within the exclusion and thus, the policy does not provide coverage to Ms. Sirey
In Keathley v. State Farm Fire & Casualty Insurance Co., 594 So.2d 963 (La.App. 3 Cir.1992), the Third Circuit, interpreted an exclusionary clause in a liability policy similar to the clause in the present case. The court held that under the second part of the exclusionary clause (willful and malicious acts), it was immaterial whether the defendant intended the actual resulting injuries. Keathley, 594 So.2d at 966. Although conceding that not many cases have interpreted the “willful and malicious” exclusionary clause, the court noted:
The term willful has been defined, and this term has been held to apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended.
The usual meaning assigned to this term is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It is usually accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow. See Pros-ser, Law of Torts, Section 34, at pages 187-189 (3d Ed.1964); Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907 (La.App. 3d Cir.1975); Prosser v. Crawford, 383 So.2d 1363 (La.App. 3d Cir.1980).
The term malicious, also used in the second part of the exclusionary clause, has not been defined or used in any case like the term “willful.” In order to determine if defendant’s conduct fall under this second prong, we must use the common meaning of the word “malicious.” The general meaning of this term as found in Black’s Law Dictionary 5th ed. is as follows: “Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse. See also Malice; Willful.”
Keathley, 594 So.2d at 965-966.
| ^Despite State Farm’s assertion to the contrary, genuine issues of material fact remain as to whether the acts claimed by Ms. Love are excluded under this provision.
Assignment of Error Four
In her fourth assignment of error, Ms. Sirey contends that trial court erred in granting summary judgment to State Farm because the acts alleged in the plaintiffs petition do not relate to either party’s business pursuits exclusion.
State Farm argues that the acts claimed by Ms. Love occurred almost entirely at Motiva where Ms. Love and Ms. Sirey are co-workers and are excluded under the *741 business pursuits exclusion. However, we note that the exclusion does not apply “to activities which are ordinarily incident to non-business pursuits. We find that a genuine issue of material fact exists regarding whether the business pursuits exclusion unambiguously excludes coverage.
Assignment of Error Five
In her final assignment of error, Ms. Sirey contends that the trial court erred by denying her cross-motion for summary judgment since coverage was clearly provided under the State Farm policy.
While we find that the acts set forth in Ms. Love’s petition are not unambiguously excluded from coverage, we likewise find genuine issues of material fact remain which bear on whether or not coverage is excluded under the exclusion provisions of the policy. Considering the reasons above, the trial court was correct in denying Ms. Sire/s cross-motion for summary judgment.
We decline to address Ms. Sirey’s request that State Farm should be ordered to reimburse Ms. Sirey for all out of pocket fees and costs for defending herself on this issue. Such a determination would be premature.
| ^CONCLUSION
For the reasons stated above, we affirm the trial court’s judgment denying Ms. Sir-ey’s cross-motion for summary judgment. We vacate the trial court’s judgment granting State Farm’s motion for summary judgment. This case is remanded to the trial court for further proceedings.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED

. Ms. Love filed a First Amended Complaint for Personal Injuries on October 25, 2010.

. In Breland, the Supreme Court held that "... when a minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when a minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred.” Id. at 614.